UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

<u>MICHAEL EVANS #220247</u>,

      Plaintiff,

v.                                                                           3:05-cv-575

<u>JAMES WORTHINGTON,</u>
<u>ROBERT J. GIBSON,</u>
<u>CHARLES DAVIDSON,</u>
<u>JACKIE BURGESS,</u>
<u>and E. JONES</u>,

      Defendants.

### **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction and an inmate at the Brushy Mountain Correctional Complex. The defendants are Acting Warden James Worthington, Unit Sergeant Robert J. Gibson, Disciplinary Board Chairperson Charles Davidson, and Disciplinary Board Members Jackie Burgess and E. Jones. Plaintiff alleges that defendant Gibson discriminated against him when he issued plaintiff a disciplinary infraction for wearing an altered shirt. According to plaintiff, other inmates have not received a disciplinary infraction for wearing altered shirts. Plaintiff also alleges that he was denied due process during the disciplinary hearing; his punishment included ten days of punitive segregation, a $5.00 fine, and suspended visitation for 39 days. On appeal, defendant Worthington upheld the disciplinary board's decision.

Plaintiff's allegation of discrimination regarding the disciplinary write-up, without more, does not rise to the level of the "invidious discrimination" prohibited by the Fourteenth Amendment to the Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Plaintiff's claim that he was denied due process in his prison disciplinary proceedings would implicate the validity of his disciplinary conviction and resulting sanctions, and thus is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Moreover, plaintiff's loss of privileges does not present an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and therefore fails to state a claim for relief under § 1983. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $250.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of one hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Brushy Mountain Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE